United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 29, 2003**

Charles R. Fulbruge III
Clerk

Revised August 15, 2003

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20308
No. 02-21088

_____

**ROLEX WATCH USA, INC.,**

                    **Plaintiff-Counter Defendant-Appellee,**

                         **versus**

**JBJ DISTRIBUTORS, INC.,**

                    **Defendant-Counter Claimant-Appellant.**

_____

Appeals from the United States District Court
for the Southern District of Texas
Civil Docket #H-99-CV-1621

_____

Before JONES and CLEMENT, Circuit Judges and FELDMAN, District
Judge.[*]

PER CURIAM:[**]

        Appellant JBJ Distributors, Inc. raises a plethora of

issues attacking an adverse injunction and attorney fee award in

_____

        [*]District Judge of the Eastern District of Louisiana, sitting
by designation.

        [**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

this trademark infringement and counterfeiting case. Having considered the briefs, oral arguments, and pertinent portions of the record, we find no merit in any of the issues and affirm on the basis of the district court opinion with only a few additional observations.

First, JBJ argues that the district court should not have applied New York's trademark dilution law to JBJ because there was no jurisdictional nexus connecting JBJ to New York for the purposes of *in personam* or *in rem* jurisdiction. JBJ is correct. Neither Rolex nor the district court identified any jurisdictional nexus connecting JBJ to New York; therefore, it was improper for the district court to apply New York's trademark dilution law to JBJ. Rolex argues that New York and Texas law provide for the same outcome, but the similarity of state laws on trademark dilution does not provide the requisite jurisdictional nexus.

Nevertheless, JBJ's appeal of the trial court's application of New York trademark dilution law does not undermine the judgment, since there is ample support for the court's alternative liability holdings based on federal trademark infringement and trademark counterfeiting law. See Rolex Watch USA, Inc. v. Meece, 158 F.3d 816 (5th Cir. 1998); Elvis Presley Enterprises, Incorporated v. Capece, 141 F.3d 188, 193 (5th Cir. 1998).

Second, JBJ offers no support in law or logic for the contention that its unclean hands, arising from flagrant discovery abuse, do not bar JBJ's laches defense because the misconduct occurred after Rolex filed suit. Moreover, JBJ engaged in pre-suit misconduct by its continuing sales of altered Rolex watches after this court's nearly indistinguishable decision in <u>Meece</u>.

Third, the injunction ordered by the district court is carefully crafted and not unduly vague or overbroad. It does not prohibit JBJ from performing authorized Rolex repair work using genuine Rolex parts. It prohibits only those acts that would lead to the creation of deceptively altered or counterfeit "Rolex" watches.

Fourth, the substantially reduced attorneys' fee award is reasonable and justified under 15 U.S.C. § 1117(b) without resort to a finding of "exceptional circumstances," a finding the statute mandates only to <u>reduce</u> or <u>avert</u> a fee award. The district court entered abundant findings and conclusions that support this award and insulate it from JBJ's abuse of discretion challenge.

Finally, JBJ's additional and subsidiary appellate points are meritless and do not require a response by this court.

**AFFIRMED.**